**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Ramon De Leon Carlos,

Plaintiff,

v.

Commissioner of Social Security Administration,

Defendant.

No. CV-25-03083-PHX-SMB

**ORDER**

The Court now considers Plaintiff Ramon De Leon Carlos's appeal from the Social Security Administration's denial of Plaintiff's application for disability insurance benefits ("DIB"). The Court reviewed the briefing, the Administrative Record ("AR"), and the Administrative Law Judge's ("ALJ") decision. The Court **affirms** the ALJ's decision for the following reasons.

## I. BACKGROUND

On December 10, 2019, Plaintiff applied for DIB under Title II alleging a disability onset date of November 16, 2018. (AR 425-26.) After an administrative hearing, an ALJ issued an unfavorable decision on June 1, 2022. (AR 185-214.) The Appeals Council remanded the case in April 2023 to further review the medical evidence, to evaluate the Plaintiff's symptoms and mental impairment, to consider the Plaintiff's residual functional capacity ("RFC") and to obtain evidence from a vocational expert. (AR 16, 215-19). After another administrative hearing on June 14, 2024, the ALJ again denied Plaintiff's claim on August 27, 2024. (AR 15-42). The ALJ found that despite having some severe

impairments, Plaintiff had the RFC to perform sedentary work with some limitations. (AR 24.) This determination was based specifically on the time period from November 18, 2018 (the day after the most recent denial decision) and December 31, 2020 (the claimant's date last insured). (AR 19, 21.) The Appeals Council denied Plaintiff's review of that decision, making the ALJ's determination the final decision of the Commissioner of the Social Security Administration. (AR 1-6.) Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

## II. LEGAL STANDARD

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a severe medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *See* 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

The Court only reviews the issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court will

uphold an ALJ's decision "unless it contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance" and is such that "a reasonable mind might accept [it] as adequate to support a conclusion." *Id.* (first quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005); and then quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). As a general rule, if the "evidence is susceptible to more than one rational interpretation," the Court will affirm the ALJ's decision. *Burch*, 400 F.3d at 679. That said, the Court should "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orne*, 495 F.3d at 630 (citation modified).

## III. DISCUSSION

Plaintiff argues that the ALJ failed to adequately consider the medical opinion evidence. (Doc. 19 at 2.) For the reasons noted below, the Court finds that the ALJ properly considered the medical and psychological evidence in the record.

### A. The ALJ Did Not Err in Weighing Medical Source Opinion Evidence

Plaintiff argues that the ALJ failed to properly address medical opinion evidence offered by Dr. Cynthia Funes, Ph.D., the state agency psychological consultants, or the opinions of Susan Sarabia, FNP, Quirino Valeros, M.D. and Natalie Schmille, APRN.

*1. Dr. Cynthia Funes, Ph.D.*

The Court will begin with Dr. Cynthia Funes, Ph.D. An ALJ "must consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing 20 C.F.R. § 404.1527(b)). In examining medical evidence, an ALJ must articulate how persuasive he or she finds the medical opinions from each doctor or other source. *Kitchen v. Kijakazi*, 82 F.4th 732, 739 (9th Cir. 2023). Under the revised regulations applicable here,[1] supportability and consistency are the "most important" factors for an ALJ to consider in this analysis. *Woods*, 32 F.4th at 791 (quoting 20 C.F.R. §

---

[1] Plaintiff filed his benefits application after March 27, 2017, so the revised SSA regulations govern how the ALJ evaluates and considers medical opinions. *Woods v. Kijakazi*, 32 F.4th 785, 790 (9th Cir. 2022).

404.1520c(a)). Supportability means the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence. 20 C.F.R. § 404.1520c(c)(1). Consistency measures how a medical source compares with others; "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); § 404.1520c(c)(2). "[A]n ALJ need only provide 'an explanation supported by substantial evidence,'" not account for every possibility. *See Kitchen*, 82 F.4th at 740 (quoting *Woods*, 32 F.4th at 792). The ALJ considered Dr. Funes' diagnoses and objective findings under step 3 of his analysis of whether the Plaintiff has severe impairments. (AR 22-23.)

Dr. Funes diagnosed Plaintiff with mild vascular neurocognitive disorder and adjustment disorder with mixed anxiety and depressed mood. (AR 22; Exhibit B30F at 6-15). She recommended that Plaintiff complete one task at a time, modify those tasks to make them easier and take additional time to complete tasks. (AR 22; Exhibit B30F at 12). The ALJ did not find these opinions persuasive because they were "generally vague and not specifically quantified." (AR 22). The ALJ also found that her opinions were not consistent with Plaintiff's self-report of his activities of daily living (Exhibit B30F at 8) nor were they consistent with other objective mental status exams. (AR 23; Exhibit B10F at 4, 9-10, 15, 21; Exhibit B9 at 44, 48-49; Exhibit B22F at 173.)

Accordingly, the Court finds that the record supports the ALJ's conclusion that Dr. Funes' opinions were not persuasive.

2. *State Agency Psychological Consultants L. Mogrovejo, Ph.D. and A. Kerns, Ph.D.*

The Court will now turn to the State agency consultant opinions. A prior administrative medical finding is a statement from the State agency's reviewing psychologist or physician supporting an initial decision or a reconsideration of that initial decision. 20 C.F.R. § 404.1513(a)(5). ALJs evaluate the persuasiveness of these findings

just like any other medical or psychological opinion. See 20 C.F.R. § 404.1520c. Dr. Mogrovejo concluded that Plaintiff did not have severe mental impairment. (Exhibit B5A at 8-9.) Dr. Kerns also agreed with this opinion. (Exhibit B7A at 10.) The ALJ found these opinions to be persuasive because they were "supported by the balance of mental status exams…and were consistent with objective … testing." (AR 23; Exhibit B10F at 4, 9-10, 15, 21; Exhibit B9F at 44, 48-49.)

The Court finds that the record here supports the ALJ's conclusions relative to Dr. Mogrovejo and Dr. Kerns.

*3. State Agency Medical Consultants E. Wavak, M.D. and K. Shelman, M.D.*

The Court next turns to the medical opinion of Dr. Shelman. Administrative medical reviewer K. Shelman, M.D. determined that Plaintiff "could perform a range of sedentary work." (AR 31; Exhibit B7A at 16.) At reconsideration, Dr. Shelman found that the claimant could do that sedentary work with some additional restrictions such as being able to life and/or carry 10 pounds occasionally, less than 10 pounds frequently, stand and/or walk 2 hours, sit about 6 hours in an 8-hour workday, with only occasional overhead reaching and some environmental limitations. (AR32; Exhibit B7A at 12-13.) The ALJ found these opinions persuasive because they were consistent with the physical findings and supported by the medical record. (Exhibit B9F at 54-56, 62-64, 70-72; Exhibit B12F at 3-6, 20-22; Exhibit B22F at 163-166.)

Again, the Court finds that the record supports the ALJ's finding as to the persuasiveness of Dr. Shelman's findings.

Plaintiff claims that the ALJ did not properly evaluate the medical opinion evidence of Dr. Wavak. The ALJ's determination here did not specifically mention Dr. Wavak. (AR 15-42.) However, Exhibit B5A which mentions Dr. Mogrovejo's examination of Plaintiff on April 23, 2020 also lists Dr. Wavak as examining him on April 27, 2020. Dr. Wavak states that Plaintiff has some physical limitations consistent with the "symptoms and objective evidence [which] do not rise to the level of consideration of disabling according to SSA standards." (Exhibit B5A at 10.)

The ALJ references Exhibit B5A at least three times in his evaluation of whether Plaintiff has a severe impairment. One of those references specifically mentions Dr. Mogrovejo's opinion. (AR 23.) There are many medical and mental health professionals noted in the medical records. Not every one of them is named in the ALJ's opinion. The Court finds that this omission is not particularly relevant as Dr. Wavak's opinion matches that of Dr. Mogrovejo in the same exhibit which was specifically noted by the ALJ. At most, this is harmless error.

*4. Susan Sarabia, FNP*

Ms. Sarabia completed a pain questionnaire with Plaintiff on February 18, 2020 indicating severe pain. (AR 28). She opined that Plaintiff's pain was "sufficiently severe to constantly interfere with attention and concentration" making it difficult for him to complete tasks timely. (Exhibit B15F at AR 1058.) The ALJ summarized Ms. Sarabia's findings as "due to the multiple chronic conditions already diagnosed, the conditions currently suspected/under evaluation, and the chronic uncontrolled weakness and pain, the claimant is unable to work, even in a sedentary job and his condition is lifelong." (AR 28; Exhibit B16F at 2.) The ALJ determined that Ms. Sarabia's opinions were not persuasive and were out of proportion with her treatment records. (AR 29; Exhibit B8F at 6, 18, 36, 40, 54, 59.) Moreover, those opinions were also not consistent with other objective physical exam findings from December 5, 2018 to July 29, 2020. (AR 29; Exhibit B9F at 7-8, 19-20, 25, 48, 54-56, 62-64, 70-72; Exhibit B12F at 3-6, 20-22; Exhibit B22F at 151-153, 164-166, 177-178.) Plaintiff's mental status exams similarly do not support Ms. Sarabia's findings. (AR 30; Exhibit B10F at 4, 9-10, 15, 21.) Plaintiff's current ability to conduct physical tasks also conflicts with Ms. Sarabia's opinions, as Plaintiff has assumed a caregiver role for his wife following her stroke. (Exhibit B9F at 59.)

The Court finds that the ALJ's findings are supported by the record.

*5. Quirino Valeros, M.D.*

Dr. Valeros simply signed Ms. Sarabia's medical assessment. The ALJ, however, independently evaluated his treatment record for Plaintiff which indicated that he denied

cardiovascular or musculoskeletal issues. Plaintiff's physical exam was unremarkable with no musculoskeletal or neurological findings. (AR 30; Exhibit B8F at 2-3.) Dr. Valeros' physical findings undercut his opinion agreeing with Ms. Sarabia. Other physical examinations are consistent with the physical findings of Dr. Valeros. Those examinations took place on December 17, 2018 (Exhibit B8F at 6), April 15, 2019 (Exhibit B8F at 18), August 9, 2019 (Exhibit B8F at 36), as well as examinations that took place on October 17, 2019, December 2, 2019, and February 10, 2020 (Exhibit B8F at 40, 54, 59).

Accordingly, the Court finds that the ALJ properly considered the opinion of Dr. Valeros given the record.

*6. Natalie Schmille, APRN*

The Court next turns to the opinion of Natalie Schmille, APRN. Ms. Schmille treated Plaintiff on May 24, 2024 and opined in her May 28, 2024 assessment that his limitations are as follows: he "could occasionally lift and/or carry less than 10 pounds…frequently lift and/or carry less than 10 pounds, stand and/or walk 0-2 hours, [would] require[ ] the option to alternate sitting and standing as needed, would be off-task for more than 20%, could fine manipulate 0-2 hours bilaterally, and handle, feel, and reach 2-4 hours bilaterally." (AR 30; Exhibit B45F at 2-3.) She further opined that Plaintiff would have environmental limitations, would need unscheduled breaks and would likely be absent from work more than three times per month. (AR 30; Exhibit B45F at 3-4.) This assessment occurred in May 2024, long after the expiration of the claimant's date last insured.

The ALJ did not find these opinions persuasive because she simply completed a form devoid of any specific objective support for these findings. These opinions are also not entirely consistent with prior examinations where Plaintiff denied any cardiovascular or musculoskeletal issues. (AR 31; Exhibit B8F at 6, 18, 36, 40, 54, 59.) Other physical examinations revealed that Plaintiff was in no obvious distress, had a normal gait, was able to heel walk and toe walk, had a functional range of motion in his bilateral extremities, no muscle atrophy and normal muscle tone. (AR 30; Exhibit B9F at 7-8, 48, 54-56, 62-64,

70-72; Exhibit B12F at 3-6, 20-22; Exhibit B22F at 152-153, 164-166, 177-178.)

Accordingly, the Court finds that the ALJ properly evaluated the opinion of Ms. Schmille. Substantial evidence in the record supports the ALJ's evaluation of the conflicting medical opinions before it. Thus , the ALJ did not err in making the five-step determination

## III. CONCLUSION

Therefore,

**IT IS ORDERED** affirming the ALJ's decision.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 8th day of September, 2026.



Honorable Susan M. Brnovich
United States District Judge